UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES BRADY PETER; and
JAMES RUSSELL PETER,

NO. CIV. S-08-2465 FCD DAD

    Plaintiffs,

  v.                                      MEMORANDUM AND ORDER

STATE OF CALIFORNIA; UNKNOWN
OFFICERS OF THE PLUMAS COUNTY
SHERIFFS OFFICE; CALIFORNIA
HIGHWAY PATROL OFFICER BOB
STOWE; and DOES 1 through 50,
inclusive,

    Defendants.

----oo0oo----

This matter is before the court on (1) defendant State of California's (the "State") motion to dismiss plaintiffs James Brady Peter and James Russell Peter's ("plaintiffs") amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (Docket #9) and (2) defendant California Highway Patrol Officer James Stowe's motion to dismiss plaintiffs' amended complaint,

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

1

pursuant to Rule 12(b)(6) (Docket #10).[2]  Plaintiffs do not oppose the State's motion, conceding that plaintiffs' claims asserted against the State are barred by Eleventh Amendment immunity.  (See Opp'n, filed Dec. 30, 2008, at 1:18-24.)  As such, the court GRANTS the State's motion to dismiss (Docket #9), and the State is hereby dismissed from this action as a party-defendant.  As to defendant Stowe's motion, the court GRANTS the motion, but plaintiff is permitted leave to file a second amended complaint to allege compliance with the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 945.4.

**BACKGROUND**

In this action, plaintiffs allege they were arrested without probable cause and that excessive force was used by defendant Stowe in arresting them.  (Am. Compl., filed Nov. 7, 2008.)  More specifically, plaintiffs allege that on September 9, 2007 at "North Arm roadblock," plaintiffs were in their truck attempting to return to their ranch property when they were assaulted by Stowe.  (Id. at ¶ 6.)  Plaintiff James Russell Peter alleges Stowe sprayed pepper spray in his face and struck him in the head and body with a baton, causing him physical injuries.  (Id.)  Plaintiff James Russell Peter alleges Stowe arrested him without probable cause.  (Id.)  Similarly, plaintiff James Brady Peter alleges Stowe sprayed pepper spray in his face and handcuffed and arrested him without probable cause.  (Id.)  Plaintiffs allege that "unknown Plumas Deputies" were present during the attack by

---

[2]  Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1  Stowe but did not nothing to protect plaintiffs and instead drew
2  their weapons and aimed them at plaintiffs.  (Id.)  Plaintiffs
3  allege they were incarcerated and were never taken before a
4  magistrate judge.  (Id. at ¶ 7.)  Plaintiffs assert they were
5  ultimately released, and no criminal charges were filed against
6  them in connection with these arrests.  (Id.)

7  Plaintiffs assert damages claims against defendants for
8  (1) violation of their civil rights pursuant to 42 U.S.C. § 1983;
9  (2) intentional infliction of emotional distress; (3) assault and
10 battery; and (4) false imprisonment and false arrest.

**STANDARD**

12  On a motion to dismiss, the allegations of the complaint
13 must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322
14 (1972).  The court is bound to give plaintiff the benefit of
15 every reasonable inference to be drawn from the "well-pleaded"
16 allegations of the complaint.  Retail Clerks Int'l Ass'n v.
17 Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff
18 need not necessarily plead a particular fact if that fact is a
19 reasonable inference from facts properly alleged.  See id.

20  Nevertheless, it is inappropriate to assume that the
21 plaintiff "can prove facts which it has not alleged or that the
22 defendants have violated the . . . laws in ways that have not
23 been alleged."  Associated Gen. Contractors of Calif., Inc. v.
24 Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).
25 Moreover, the court "need not assume the truth of legal
26 conclusions cast in the form of factual allegations."  United
27 States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th
28 Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. Id. "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

**ANALYSIS**

**1.  Plaintiffs' § 1983 Claim Against Defendant Stowe**

Defendant Stowe moves to dismiss plaintiffs' Section 1983 claim against him to the extent it is based on alleged violations of the Fifth, Sixth or Fourteenth Amendments.[3] Defendants contend that because the gravamen of plaintiffs' complaint against Stowe is an excessive force claim, plaintiffs' Section 1983 claim is properly asserted only on the basis of the Fourth Amendment. Defendants are correct.

Plaintiffs may not assert a due process claim, based on either the Fifth or Fourteenth Amendments, against Stowe because the United States Supreme Court has held that where a particular Amendment provides an explicit textual source of constitutional

---

[3] Section 1983 is not itself a source of substantive rights, but rather it provides a method for vindicating federal rights conferred elsewhere. "The first step in [a Section 1983 action] is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271 (1994).

4

protection against a particular source of government behavior, that Amendment, and not the more generalized notion of substantive due process, is the proper basis for a Section 1983 claim. <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994).  In <u>Albright</u>, the Court held that the Fourth Amendment's protection against unlawful search and seizures controls a claim alleging unlawful arrest not the broader notion of due process embodied in the Fifth and Fourteenth Amendments.  <u>Id.</u>

Plaintiffs also cannot base their Section 1983 claim on a violation of the Sixth Amendment.  The Sixth Amendment is not implicated until a plaintiff is subject to adversarial criminal proceedings.  <u>See</u> <u>United States v. Gouveia</u>, 467 U.S. 180, 181 (1984).  Here, plaintiffs allege that they were never charged with a crime. (Am. Compl., ¶ 7.)  The Sixth Amendment is simply inapplicable to plaintiffs' excessive force claim against Stowe.

Plaintiffs offer no substantive opposition to the above arguments.  (<u>See</u> Opp'n, filed Dec. 30, 2008.)  Thus, considering plaintiffs' non-opposition and the applicable substantive law, the court GRANTS defendant Stowe's motion as to plaintiffs' Section 1983 claim.  Said claim may be asserted against Stowe only on the basis of an alleged violation of the Fourth Amendment.

   **2.   Plaintiffs' § 1983 Claim Against "Unknown Officers of the Plumas County Sheriffs Office"**

In responding to defendants' motions, plaintiffs argue that with respect to their Section 1983 claim alleged against "Unknown Plumas County Sheriffs Officers," plaintiffs may properly assert a substantive due process claim against these persons based on

5

their failure to act to protect plaintiffs from defendant Stowe's actions. Defendant Stowe does not contest the viability of such a due process claim against these presently unnamed defendants. (Reply, filed Jan. 7, 2009.) However, the court does not rule on this issue as these persons have not appeared in the action.

The court notes nonetheless that plaintiffs' naming of these unknown officers is authorized by case law. While the Federal Rules do not expressly provide for the naming of "Doe defendants," the Ninth Circuit has recognized that in federal question cases, the use of "Doe" or fictitiously-named defendants is permissible if the complaint alleges plaintiffs do not then know and have been unable to ascertain the true names of these defendants. See Merritt v. Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989). Plaintiffs have made these allegations here. (Am. Compl., ¶s 2, 6.) However, the court cautions plaintiffs that once said persons' identities are ascertained, they must bring the appropriate motion to amend the complaint, either under Rule 15 or Rule 16, if a scheduling order is in place, to substitute these persons for the "unknown" officers named presently.

**3.  Compliance with the CTCA**

Defendants move to dismiss plaintiffs' state law claims on the ground plaintiffs did not allege compliance with the CTCA. Cal. Gov't Code §§ 905, 945.4. In order to file suit against a public entity or employee, a plaintiff must first file a written claim with the employing public entity in compliance with the CTCA; said claim must be presented to the public entity, acted upon by the entity or rejected by the entity before the plaintiff may file suit. Cal. Gov't Code § 945.4. Such compliance must be

6

plead in the compliant and ultimately proven at trial. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988) (recognizing that failure to comply with the claim-filing requirements imposed by the CTCA bars state law claims).

Plaintiffs concede they did not plead compliance with the CTCA in the amended complaint; however, they now seek leave to amend to do so. In their opposition, plaintiffs state they have filed the requisite written claims and received rejections of those claims from the applicable public entities. (Opp'n at 2:25-3:9.) Plaintiffs submitted these claims and the rejections thereof as an exhibit to the opposition. (Ex. A to Opp'n, filed Jan. 6, 2008.) Since plaintiffs have demonstrated their ability to cure the defect in their pleading, the court grants them leave to amend. <u>See</u> <u>Virginia G. v. ABC Unified Sch. Dist.</u>, 15 Cal. App. 4th 1848, 1852 (1993) (recognizing that denial of leave to amend constitutes an abuse of discretion if the pleading does not show on its face that it is incapable of amendment).

**CONCLUSION**

For the foregoing reasons, defendant State of California's motion to dismiss is GRANTED (Docket #9); the State is hereby dismissed from this action. Defendant Stowe's motion to dismiss is GRANTED; plaintiffs may assert their Section 1983 claim against defendant Stowe only on the basis of an alleged Fourth Amendment violation. Plaintiff may file and serve a second amended complaint within 20 days of the date of this order to

1  allege compliance with the CTCA.  Defendants shall have 20 days
2  thereafter to file a response thereto.
3      IT IS SO ORDERED.
4  DATED: January 14, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE